[Civ. No. 4837. First Appellate District, Division One.—September 22, 1924.]

THE STAR DRILLING MACHINE CO. (a Corporation), Respondent, v. HENRY COWELL LIME AND CEMENT CO. (a Corporation), Appellant.

[1] CONTRACTS — SALE OF WELL-BORING MACHINE — PERFORMANCE — FINDINGS—EVIDENCE.—In this action to recover the purchase price of a certain machine used in the boring of wells, the evidence was sufficient to support the findings of the trial court that the weight of the machine delivered by plaintiff, and which defendant refused to accept, was not an element entering into the contract for its purchase, and that the machine delivered fully conformed to the contract requirements and was satisfactory for the use intended.

---

(1) 35 Cyc., p. 464.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    John L. Hudner, Judge Presiding.    Affirmed.

The facts are stated in the opinion of the court.

Alan C. Van Fleet for Appellant.

P. H. Johnson and H. S. Derby for Respondent.

TYLER, P. J.—Action to recover the sum of $636.80 for a certain machine used in the boring of wells.

Defendant corporation was engaged in drilling for water on premises owned by it in Contra Costa County. As the well went down it became necessary to purchase what is known as an under-reamer, which is a machine or bit inserted in the well for the purpose of reaming out the sides of the hole underneath the pipe so as to permit of its insertion. The managing agent of defendant company, A. N. George, dispatched a letter to plaintiff corporation asking for prices and information concerning a tool of this character. Upon receipt of the request one Gilchrist, the sales agent of plaintiff, visited the defendant company and discussed the matter with its agent. It developed during such discussion that defendant company was using 12-inch stovepipe casing in the well that was being drilled. Gilchrist informed George that in his opinion an under-reamer could not be used in that character of casing. The parties ascertained this to be so, and the matter of ordering the machine was deferred until it could be determined what kind of pipe was available. Mr. Gilchrist was instructed to obtain this information and to report back to defendant Cowell Company so that the proper machine could then be ordered. The character of the machine depended upon the weight and size of the pipe under which it was to operate. Thereafter Mr. Gilchrist advised the Cowell Company that it might purchase 9⅝-inch screw pipe, and this character and size was agreed upon and the necessary amount was purchased. The Cowell Company then gave its order for an under-reamer to run in the pipe so purchased. In coming to this decision the parties had consulted a catalogue and selected what is known as the Double under-reamer, the weight of which was 625 pounds.

This order was forwarded to plaintiff company. A few days later Gilchrist received a wire informing him that his people did not have a machine of that make and that it would take some three weeks to acquire one. He was further informed that it had a Grant under-reamer which was as good, if not better, than the one ordered. Gilchrist communicated these facts to George and read the telegram to him. Upon being assured that there was no difference in the machines, George agreed to the substitution. Upon the arrival of the machine the Cowell Company refused to accept delivery upon the ground that it weighed 992 pounds, which did not conform to the weight of the one originally ordered. The machine was thereupon returned to plaintiff company at Long Beach, California, the point from which it was shipped, and this action was brought to recover the purchase price.

Judgment went for plaintiff, and the sole question presented is whether the evidence in the case is sufficient to justify the findings of the trial court.

Appellant claims that the Cowell Company ordered a machine of the weight of 625 pounds and that it never agreed to accept one of the weight delivered; that as the machine delivered was not in compliance with the contract the Cowell Company was under no obligation to accept and pay for the same.

[1] We see no merit in this contention. The evidence as a whole shows that the machine was in full compliance with the contract. It appears therefrom that George knew nothing about its character, and that the question of its weight or size did not enter into the consideration of the parties or form an element of the contract; that it was a matter of such small, if any, consequence, and not a controlling element or condition.

There is also testimony to show that the real cause of the rejection was the fact that the under-reamer could not be used by defendant company at the time of its delivery by reason of a mistake made by it in ordering the size of the pin to be used in connection therewith—a mistake easily remedied by the substitution of one with proper threads.

Under the circumstances surrounding the sale there was of course an implied warranty that the machine to be furnished was merchantable and reasonably satisfactory for the use

intended, but there is ample evidence in the record to show that the one delivered measured up to this legal requirement.

In short, the point urged is controlled entirely by the conflict of evidence rule. The record contains evidence furnished by both parties abundantly sufficient to support the findings of the trial court that the weight of the machine was not an element entering into the contract, and that the machine delivered fully conformed to the contract requirements and was satisfactory for the use intended.

The judgment is affirmed.

St. Sure, J., and Knight, J., concurred.